U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 DEC -1 PM 12: 15

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

LUIS GUILLERMO LALA INAMAGUA,   )
                                )
   Petitioner,                  )
                                )
   v.                           )   Case No. 2:25-cv-892
                                )
GREG HALE, in his official capacity as )
Superintendent of Northwest State )
Correctional Facility, PATRICIA HYDE, in )
her official capacity as acting Boston Field )
Office Director, Immigration and Customs )
Enforcement, Enforcement and Removal )
Operations, VERMONT SUB-OFFICE )
DIRECTOR OF IMMIGRATION AND )
CUSTOMS ENFORCEMENT, )
ENFORCEMENT AND REMOVAL )
OPERATIONS, TODD M. LYONS, in his )
official capacity as Acting Director, U.S. )
Immigration and Customs Enforcement, )
KRISTI NOEM, in her official capacity as )
Secretary of the United States Department )
of Homeland Security, MARCO RUBIO, in )
his official capacity as Secretary of State, )
and PAMELA BONDI, in her official )
capacity as U.S. Attorney General, )
                                )
   Respondents.                 )

**ORDER ON PETITION FOR HABEAS CORPUS**
**(Doc. 1)**

Petitioner Luis Guillermo Lala Inamagua brings this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking his release from immigration detention or, in the alternative, a bond hearing before an immigration judge. (Doc. 1.) Respondents ("the Government") are various government officials whom Mr. Lala Inamagua identifies as his legal custodians. Immigration and Customs Enforcement ("ICE") officials detained Mr. Lala Inamagua at a gas station in Vermont on November 5, 2025, when he was on his way to work. (*Id.* ¶ 21.) He is

currently detained at Northwest State Correctional Facility in Swanton, Vermont. (*Id.* ¶ 7.) Mr. Lala Inamagua asserts that he is detained under the Government's discretionary detention authority, located at 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing before an immigration judge. The Government responds that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is neither statutorily nor constitutionally entitled to a bond hearing. The court held a hearing on the Petition on November 24, 2025. The parties have now completed their briefing on the merits of the petition.

## Factual Background

The following facts, undisputed by the Government, are drawn from the Petition and from representations by Mr. Lala Inamagua's counsel at the November 24 hearing.[1]

Mr. Lala Inamagua is an Ecuadorian citizen who entered the United States in 2003 without inspection or admission. (Doc. 14 at 3–4.) He did not encounter immigration officials and was not detained. (*Id.* at 4.) Not long after his arrival, he moved to Cambridge, Vermont, where he has resided ever since. (*Id.*; *see also* Doc. 1 ¶ 27.) He has a partner and four U.S. citizen children. (Doc. 14 at 3.) His immigration court records show that he was previously in removal proceedings but that those proceedings were terminated in 2017 without an order of removal or a grant of relief. (*Id.* at 4–5.)

On November 5, 2025, ICE arrested and detained Mr. Lala Inamagua while he was on his way to work. (Doc. 1 ¶ 21.) ICE also issued him a Notice to Appear formally instituting

---

[1] For future habeas proceedings, the court would find it helpful for counsel to submit a sworn declaration from the petitioner to support the factual allegations in the Petition. The court recognizes that many habeas petitions in the immigration context must be filed swiftly and that it will often not be feasible to submit that declaration concurrently with the habeas petition. Counsel should instead submit a declaration or other evidence together with its briefing on the petition.

2

removal proceedings against him and classifying him as a noncitizen "present in the United States who has not been admitted or paroled." (Doc. 12-1.) His case is pending before the Chelmsford, Massachusetts immigration court (*id.*), and his is next hearing is scheduled for December 4, 2025 (Doc. 14 at 5–6). Mr. Lala Inamagua remains detained at Northwest State Correctional Facility. (Doc. 1 ¶ 7.)

## Analysis

Mr. Lala Inamagua seeks a writ of habeas corpus and an order for either his immediate release or a bond hearing under 8 U.S.C. § 1226(a). He raises two primary arguments in favor of his petition: that his detention violates his substantive due process rights under the Fifth Amendment of the Constitution and that it violates 8 U.S.C. § 1226(a)'s guarantee of a bond hearing. (*See* Doc. 1; *see also* Doc. 18 at 4.)[2] Because the court concludes that his statutory

---

[2] In his reply brief, Mr. Lala Inamagua also contends that he is detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing as a member of the class in *Bautista v. Santacruz*, --- F. Supp. 3d ----, 2025 WL 3288403 (C.D. Cal. 2025), which was certified on November 25, 2025. On November 20, 2025, the Central District of California considered the same question at issue in this case: whether noncitizens who entered the country without inspection or admission are subject to mandatory detention under 8 U.S.C. § 1225(b) even when arrested far from the border. *See Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3289861 (C.D. Cal. 2025) (hereinafter "*Bautista I*"). The court granted partial summary judgment to the named plaintiffs, concluding that the plain language of the Immigration and Nationality Act supported their argument that they were not subject to mandatory detention but were instead detained under the discretionary detention authority located at 8 U.S.C. § 1226(a). Although § 1226(a) provides a right to a bond hearing before an immigration judge, the court did not grant injunctive relief requiring the immigration courts to provide the petitioners with bond hearings. Instead, the court granted declaratory relief declaring that the petitioners were detained under § 1226(a).

Subsequently, on November 25, 2025, the court granted class certification to the "Bond Eligible Class," defined as follows:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

3

claim entitles him to relief, the court does not consider Mr. Lala Inamagua's constitutional arguments.

The Immigration and Nationality Act ("INA") provides for the detention of certain noncitizens during the pendency of their immigration proceedings. For noncitizens who do not have an order of removal, detention is governed by 8 U.S.C. § 1225(b), § 1226(a), or § 1226(c). Generally, § 1225(b) applies to "arriving" noncitizens or "applicants for admission" who are "seeking admission." *See* 8 U.S.C.§ 1225(b)(1)(A)(i), (b)(2)(A). Section 1226(c) governs the detention of noncitizens apprehended within the United States on criminal grounds. Section 1226(a) is a catchall provision that governs the detention of any other noncitizen apprehended by immigration enforcement and has long been understood to apply to noncitizens "already present in the United States," i.e., no longer at the border. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226(a) creates a statutory right to a bond hearing before an immigration judge, but § 1225(b) and § 1226(c) call for mandatory detention. *Id.* at 302, 305–06.

The central dispute in this case is whether Mr. Lala Inamagua is subject to § 1226(a)'s discretionary detention regime or § 1225(b)(2)'s mandatory one. In its recent decision in *Gonzales Lopez v. Trump*, No. 25-cv-863 (D. Vt. Nov. 17, 2025) (ECF No. 13), this court

---

*Bautista*, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (hereinafter "*Bautista II*"). The court emphasized that, "[w]hen considering [the class certification] determination with the [motion for summary judgment] [o]rder, the Court extends the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." *Id.* Thus, the court in *Bautista* has declared that all class members are detained under § 1226(a), not § 1225(b). Mr. Lala Inamagua falls within the class as defined and could thus theoretically seek a bond hearing in immigration court on the basis of the *Bautista* decisions.

The court's decisions in *Bautista I* and *Bautista II* likely have preclusive effect on the case at hand, insofar as the Central District of California finally decided that the class members are detained under § 1226(a). But, regardless of whether *Bautista I* and *II* have preclusive effect, this court agrees with the reasoning in those decisions and rules independently on that basis. The court must also address the issue of injunctive relief, which so far has not been granted to the class members in *Bautista*.

4

conducted a detailed analysis of that legal question with respect to a noncitizen who, like Mr. Lala Inamagua, entered the United States without admission or inspection but had been living and working in the United States. The court concluded that the statutory text and scheme, legislative history and intent, and longstanding agency practice supported the petitioner's argument that she was detained under § 1226(a) and ordered that the defendants provide her with a bond hearing in immigration court. For the same reasons articulated in that opinion, the court holds that Mr. Lala Inamagua is detained under § 1226(a) and is statutorily entitled to a bond hearing before an immigration judge.

In reaching this conclusion, the court is in good company. The same legal dispute has arisen countless times in courts around the country following the Board of Immigration Appeals' ("BIA") precedential decision holding that all noncitizens who enter the country without admission or inspection are subject to mandatory detention under § 1225(b)(2), no matter how long they have been in the United States. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Nearly every court that has addressed the issue has rejected the BIA's interpretation and endorsed the one the court takes today. *See, e.g., Lopez Benitez v. Francis*, --- F. Supp. 3d ----, 2025 WL 2371588 (S.D.N.Y. 2025); *Rueda Torres v. Francis*, No. 25 Civ. 8408, 2025 WL 3168759 (S.D.N.Y. Nov. 13, 2025); *Samb v. Joyce*, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025) (slip opinion); *Doe v. Moniz*, --- F. Supp. 3d ----, 2025 WL 2576819 (D. Mass. 2025); *Leal-Hernandez v. Noem*, No. 25-cv-02428, 2025 WL 2430025 (D. MD. Aug. 24, 2025); *Kostak v. Trump*, Civil Action No. 25-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Rodriguez*, --- F. Supp. 3d ----, 2025 WL 2782499; *J.U. v. Maldonado*, 25-CV-4836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Mata Velasquez v. Kurzdorfer*, No. 25-cv-

493, 2025 WL 1953796 (W.D.N.Y. July 16, 2025); *Lepe v. Andrews*, No. 25-cv-1163, 2025 WL 2716910 (E.D. Cal. Sep. 23, 2025).³

As in *Gonzales Lopez*, the appropriate relief is to provide Mr. Lala Inamagua with a bond hearing in immigration court, as required by § 1226(a). At that hearing, the immigration judge must follow this court's determination that Mr. Lala Inamagua is detained under § 1226(a).

Mr. Lala Inamagua also requests reasonable attorney's fees under 28 U.S.C. § 2412. Section 2412(d)(1)(A) provides that, if a party prevails against the United States,

> a court shall award . . . fees and expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

To receive attorney's fees, the prevailing party must submit a fee application to the court within 30 days of final judgment in the action that states the amount sought, provides an itemized statement of its costs, demonstrates that the party is a prevailing party, and alleges that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Consistent with 28 U.S.C. § 2412(d)(1)(B), Mr. Lala Inamagua has 30 days to submit a fee application connected to this case.

## Conclusion

Mr. Lala Inamagua's Petition (Doc. 1) is GRANTED as follows. The court DECLARES that Mr. Lala Inamagua is detained under 8 U.S.C. § 1226(a) and that his continued detention without a bond hearing before an immigration judge is unlawful. The court therefore ORDERS that Defendants provide him with such a hearing, in accordance with this opinion, on or before December 4, 2025. The court further ORDERS that, until the bond hearing is completed and

---

³ The cases addressing this issue are too numerous to cite here. The court has selected a handful of cases as examples.

6

ruled upon, Mr. Lala Inamagua not be removed from the United States or moved out of the territory of the District of Vermont.

Dated at Burlington, in the District of Vermont, this 1 day of December, 2025.

_____
Geoffrey W. Crawford, Judge
United States District Court