UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 JAN 22 P 1: 25

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| LUIS GUILLERMO LALA INAMAGUA, )<br><br>Petitioner, )<br><br>v. )<br><br>GREG HALE, in his official capacity as )<br>Superintendent of Northwest State )<br>Correctional Facility, PATRICIA HYDE, in )<br>her official capacity as acting Boston Field )<br>Office Director, Immigration and Customs )<br>Enforcement, Enforcement and Removal )<br>Operations, VERMONT SUB-OFFICE )<br>DIRECTOR OF IMMIGRATION AND )<br>CUSTOMS ENFORCEMENT, )<br>ENFORCEMENT AND REMOVAL )<br>OPERATIONS, TODD M. LYONS, in his )<br>official capacity as Acting Director, U.S. )<br>Immigration and Customs Enforcement, )<br>KRISTI NOEM, in her official capacity as )<br>Secretary of the United States Department )<br>of Homeland Security, MARCO RUBIO, in )<br>his official capacity as Secretary of State, )<br>and PAMELA BONDI, in her official )<br>capacity as U.S. Attorney General, )<br><br>Respondents. ) | Case No. 2:25-cv-892 |

**ORDER ON MOTION FOR ATTORNEYS' FEES**
**(Doc. 20)**

On November 21, 2025, Petitioner Luis Guillermo Lala Inamagua filed a petition for a

writ of habeas corpus under 28 U.S.C. § 2241, seeking his release from immigration detention or,

in the alternative, a bond hearing before an immigration judge. (Doc. 1.) On December 1, 2025,

the court ordered that the federal defendants conduct a bond hearing before an immigration

judge. (Doc. 19.) The bond hearing took place as directed on December 4, 2025, and the

immigration court ordered Petitioner's release pending a final decision in his removal case.

Petitioner returns to court seeking an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412(d).

The underlying dispute in this case and many others like it over the availability of a bond hearing has its origins in a decision issued by the Board of Immigration Appeals ("BIA") on September 5, 2025. In *Matter of Hurtado,* 29 I & N. Dec. 216 (2025), the BIA ruled that individuals who have not been admitted to the United States are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Prior to the *Hurtado* decision, undocumented residents already present in the United States were generally afforded bail hearings under § 1226(a). In contrast, people detained at the border who were not granted parole were generally detained.

The practical effect of the *Hurtado* decision has been to deny an opportunity to seek bail to the majority of people subject to removal proceedings. Except in cases of visa overstays and similar legal arrivals, the immigration courts no longer conducted bail hearings. Petitioner's case was one of many filed by people subject to removal proceedings who challenged the position of the Department of Homeland Security through the remedy of habeas corpus.

The legal standard for an award of legal fees under the EAJA has four elements:

- that the claimant was the prevailing party;
- that the Government's position was not substantially justified;
- that no special circumstances make an award unjust; and
- that the fee application was timely.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The plaintiff bears the burden of proving that they are the prevailing party and eligible to receive an award. 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). The burden then shifts to the government to demonstrate that its position was substantially justified or that special circumstances make an

2

award unjust. *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81–82 (2d Cir. 2009). The element in dispute is whether the Government's position was substantially justified.

As explained above, the legal dispute in this case—and dozens like it—concerns the application of 8 USC § 1225(b)(2)(A), which requires detention, or 8 U.S.C. § 1226(a), which allows for discretionary release through the bail process. Section 1226(a) authorizes the Secretary of Homeland Security to detain or release noncitizens subject to removal proceedings. In contrast, § 1225(b)(2)(A) requires detention of noncitizens seeking admission who have not been admitted. Which statute applies depends upon how one interprets the phrase "seeking admission."

Most district courts have interpreted the phrase to describe people seeking admission upon arrival at the border or some other port of entry.[1] Under this interpretation, § 1225(b)(2)(A) would not require detention for people already residing within the United States—even if their residence was not legal. Instead, section 1226(a) would govern their case and permit bail as appropriate. A minority of district courts has followed the *Hurtado* decision in holding that a person not legally admitted remains a person "seeking admission" despite years of residence.[2] Research reveals no appellate decision on this issue.

---

[1] *See, e.g., J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142 (S.D.N.Y. Oct. 28, 2025); *Lopez Benitez v. Francis*, --- F. Supp. 3d ----, 2025 WL 2371588 (S.D.N.Y. 2025); *Samb v. Joyce*, No. 25 Civ. 6373, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Doe v. Moniz*, --- F. Supp. 3d ----, 2025 WL 2576819 (D. Mass. 2025); *Leal-Hernandez v. Noem*, No. 25-cv-02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Kostak v. Trump*, Civil Action No. 25-1093, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Rodriguez*, --- F. Supp. 3d ----, 2025 WL 2782499; *J.U. v. Maldonado*, 25-CV-4836, 2025 WL 2772765 (E.D.N.Y. Sept. 29, 2025); *Mata Velasquez v. Kurzdorfer*, No. 25-cv-493, 2025 WL 1953796 (W.D.N.Y. July 16, 2025); *Lepe v. Andrews*, No. 25-cv-1163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025).

[2] *See, e.g., Azizzadeh v. Rhoney*, No. 25-CV-1288, 2026 WL 44324 (W.D.N.Y. Jan. 6, 2026); *Chen v. Almodovar*, No. 25-cv-8350, 2025 WL 348855 (S.D.N.Y. Dec. 4, 2025); *Candido v. Bondi*, 25-CV-867, 2025 WL 3484832 (W.D.N.Y. Dec. 4, 2025).

For purposes of the EAJA, the court concludes that the government has met its burden of showing that its position was "substantially justified." In the court's view, the Government's position is incorrect for the reasons explained in the ruling on the habeas petition. (Doc. 19.)

But other courts have differed, and there is no authoritative appellate guidance on the issue. On substantial justification, "[t]he test is essentially one of reasonableness." *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999). Under these circumstances, the Government's position cannot be described as unjustified.

## Conclusion

The court DENIES the Motion for Attorneys' Fees and Expenses (Doc. 20) under the provisions of the EAJA.

Dated at Burlington, in the District of Vermont, this 22nd day of January, 2026.

Geoffrey W. Crawford, Judge
United States District Court

4